# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1025

_____

United States of America,                    *
                                             *
            Appellant,                        *
                                             *    Appeal from the United States
      v.                                      *    District Court for the
                                             *    Eastern District of Missouri.
Cinthia Wysong, also known as                 *
Cynthia Wysong,                               *
                                             *
            Appellee.                         *

_____

Submitted:  October 17, 2007
    Filed:  February 5, 2008

_____

Before RILEY, MELLOY, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

      Cinthia Wysong pled guilty to one count of possession of pseudoephedrine, knowing or having reasonable cause to believe that the chemical would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(2).  At sentencing, the district court varied downward from the advisory guidelines range of 46-57 months to a term of 24 months' imprisonment, and then suspended the 24-month sentence.  Because federal courts are not authorized by statute to suspend sentences, we reverse and remand for resentencing.

Wysong was charged with three counts of possession of pseudoephedrine or ephedrine and one count of possession of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(c)(2) and (a)(1). Wysong agreed to plead guilty to one count of possession of pseudoephedrine, and the government agreed to move to dismiss the remaining counts. The United States Probation Office recommended an advisory guidelines range of 51 to 63 months' imprisonment. The district court found that Wysong's criminal history category substantially over-represented her criminal history, and departed downward under § 4A1.3 of the advisory guidelines to a term of 46 to 57 months' imprisonment.

The district court further determined that a variance from the advisory guideline range was warranted based on expert testimony about battered person's syndrome and its effect on Wysong. At the sentencing hearing, the court announced that Wysong was sentenced to 24 months' imprisonment, but then "suspend[ed] the execution" of that sentence, and placed her on three years' probation. The court stated that if Wysong violated the terms of her probation, then she would have to serve the 24 months in prison. The written judgment reflects that Wysong was sentenced to probation for a term of three years, and that as "a special condition of supervision," Wysong was "sentenced to 24 months in custody suspended execution of sentence and placed on three years probation." Like the oral pronouncement, the judgment states that "if probation is revoked[,] the defendant will have to serve the 24 month sentence."

In *United States v. Ross*, 487 F.3d 1120, 1124 (8th Cir. 2007), we held that a district court erred in imposing a suspended sentence in the absence of statutory authority to do so. We adopted the conclusion of the Sentencing Commission that "the statutory authority to 'suspend' the imposition or execution of a sentence in order to impose a term of probation was abolished upon implementation of the sentencing guidelines." USSG ch. 7, pt. A, (2)(a). Although the sentencing guidelines have been declared effectively advisory as a remedy for Sixth Amendment violations caused by

the mandatory guidelines, *see United States v. Booker*, 543 U.S. 220 (2005), that remedial action did not restore a district court's authority to "suspend" terms of imprisonment.

Wysong concedes that a suspended sentence is not permitted under federal law, but argues that the district court intended to sentence her to a simple term of three years' probation, and that this sentence should be affirmed. We disagree. The district court's pronouncement of sentence clearly reflects that a sentence of imprisonment was suspended: "I'm sentencing you to 24 months, but I'm going to suspend the execution of that sentence, [and] place you on three years probation." (S. Tr. 25). The written judgment characterized the sentence as a term of probation, but it continued to incorporate a suspended sentence of 24 months' imprisonment as a "condition of supervision." The imposition of a suspended sentence was error, and we cannot say that it was harmless. The court emphasized to Wysong that the "suspended" term of imprisonment would be "hanging over [her] head," (*id*.), and it is not sufficiently clear that the court would have imposed a term of probation if it had recognized that the deterrent effect inherent in a suspended sentence was not available. *See Ross*, 487 F.3d at 1124. Accordingly, we conclude that the sentence must be vacated, and the case remanded for resentencing.

—————————————————